UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILBERT STANLEY,
                        Plaintiff,

                v.

Brain Fischer, William lee
Michael Surprenant, Gerald Tillotson,
Jason Rodriquez, Patrick Kowalchuck
F.N.U Keran, F.N.U Brothers, Andy Miller,
Mark Royce, Edward Burnett
Michael Connelly, Jackie Morlas,
Justpa Patil, Kathaleen Panuto.
Tennifer Edwards, Ronald Kultz
Stephen Brandow, Patrick Rogers
Daula zwillinger, Eva Santoro
Kevin O'Connor Timothy Gnotsen,
Keith Sposato, Jeffrey Lamay,
William Plimley, F.N.U Hannd

12 Civ. 3843 (ER)

Civil Action No.

42 U.S.C § 1983

A.D.A Title II

Section 504
     Rehabilitation Act

Jury Trial Demanded

AMENDED Complaint

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/12

PRO SE OFFICE

## I. NATURE OF ACTION

1. Plaintiff, Hilbert Stanley is a mental Health patient level is as classified by the New York State Office of Mental Health. While in the observation cell where he'd been placed, by the office of mental Health. Unknown and unnecessary excessive force was used against plaintiff. The plaintiff was seriously injured and suffered From continous, intense pain. The plaintiff was subjected to taunts about his mental illness. Humiliation and Failure to provide Medical Treatment Despite plaintiffs pleas For Assistance.

2. At All times Relevant to the action, Mr Hilbert Stanley, was incarcerated in Correctional Facilities and entrusted to the care if Defendants, As a Result MR. Stanley was Completely Reliant in those defendants their personnel and medical providers. For his medical care. plaintiff had no ability to seek Alternative treatment or other Avenues of Medical care Even if deliberately or Recklessly denied proper care.

— 1 —

3. In Wanton and Callous disregard for Mr Stanley mental Health, safety and without justification or excuse in september 2011 discriminated against Mr Hilbert Stanley due to his mental illness and used unnecessary Force and withheld medical assistance, in Violation of his Constitutional and statutory Rights. As a Result of defendants misconduct, Mr Stanley was mercilessly beaten Resulting in serious long-Term injury, Humiliation and chronic ongoing pain. His injuries included a Broken nose, loss of vision in his left eye, Back pains and migraine headaches.

4. In september 2011 Mr Hilbert Stanley was transferred temporily to Greenhaven Correctional Facility on a Ten (10) day out Court and placed in the Facilities observation Cell M.H. O.B.S #004 Per The office of Mental Health.

5. Defendants DOCCS, Brian fischer, William Lee and Certain of their Contractors and employees all were subjectively aware of Mr Hilbert serious mental and medical Condition and had a duty to provide him with the necessary treatment for his injuries as a Result of the Assault. Although defendant were aware of, or Recklessly ignored that by Assaulting him and denying him medication and medical treatment they subjected Mr Hilbert to grave danger of permanent disability or death, defendants

Nevertheless deliberately disregarded their duty to provide him with that treatment. Defendants flagrant disregard for MR Hilbert's serious medical needs and assault amounted to at least Criminal Recklessness and Constituted Cruel and Unusual Punishment as prohibited by the Eight Amendment to the United States Constitution as applied to the States under the fourteenth Amendment.

6. MR Hilbert's mental illness Qualifies him as disabled Under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. The failure of defendant's Brian fischer William lee and Doccs And their employees And Contractors to take even the most basic steps To ensure that MR. Hilbert's necessary medical treatment was provided to him for days and persistently made References to his mental illness. The defendants discriminated against MR Hilbert solely because of his mental illness.

## II. Jurisdiction And VENUE

7. Plaintiff brings this Action Pursuant To 42 U.S.C §§ 1983 and 1988, as well as under the Americans with disabilities Act. 42 U.S.C 12101 et. seq and the Rehabilitation Act 29 U.S.C § 794 ET SEQ

-3-

8. This Court has subject-matter jurisdiction over this matter Pursuant to 28 U.S.C § 1331 and 28 U.S.C 1343(A)(3) And (4).

9. All defendants are located or otherwise are present and Conducting business within the State of New York.

10. As far as the Venue is Concerned it is proper in this Judicial District Pursuant to 28 U.S.C § 139(1) a Substantial part of the events and ommissions that gave Rise to Mr Hilberts Claim Occured here in this district

## III. THE Parties

11. Plaintiff Hilbert Stanley, is a Citizen of The United States, Currently incarcerated and Residing at Marcy Correctional Facility R.M.H.U Box 3600 MARCY N.Y 13403. Mr. Hilbert Stanley suffers from multiple Psychiatric Diagnoses Defined As level One (1) Mental illnesses by the Office of Mental Health and is a Qualified individual with a disability, As defined under the Americans with disabilities Act 42 U.S.C § 12102 (2) And The Rehabilitation Act, 29 U.S.C § 705 (20)

-4-

12. Defendant, Department of Corrections and Community Services, upon information and belief is a is a New York state entity that Controls, Operates and Supervises the Correctional Facilities within the State of New York and exists under the laws of the state of New York.

13. Upon information and belief, Defendant Brian Fischer is the Commissioner of the New York state Department of Correctional Services (Hereafter D.O.C.S)

14. Upon information and belief Defendant William Lee is the Superintendent of GreenHaven Correctional Facility. As Superintendent he is the chief administrative officer of the Correctional Facility

15. Upon information and belief Defendant Michael Sherpenant is a Correctional Sargeant at Green Haven Correctional Facility.

16 upon information and belief Defendant Gerard Tilton is a Correctional officer at Green Haven Correctional Facility.

17. Upon information and Belief Defendant Jason Rodriguez is a Correctional officer at Green Haven Correctional Facility

18. Upon information and belief defendant Patrick Kowalchuck is a Correctional officer at Greenhaven Correctional Facility.

19. Upon information and belief Defendant F.N.U. Kean is a Correctional officer at Greenhaven Correctional Facility

20. Upon information and belief Defendant F.N.U. Brothers, is a Correctional officer at Greenhaven Correctional Facility.

21. Upon information and belief Defendant Andy Miller is a Nurse at Greenhaven Correctional Facility.

22. Upon information and belief Defendant Mark Royce is a Correctional Captain at Greenhaven Correctional Facility.

23. Upon information and belief Defendant Eward Burnett is a Correctional DSS at Greenhaven Correctional Facility.

24. Upon information and belief Defendant Michael Connelly is a Correctional officer at Greenhaven Correctional Facility.

— 6 —

25. Upon information and belief Defendant Jackie Mories is a psychologist II RCTP Coordinator at the Greenhaven Correctional Facility.

26. Upon information and belief Defendant Pushpa Patil is a psychiatrist II at Greenhaven Correctional Facility.

27. Upon information and belief Defendant Kathaleen Panuto is a medication Nurse employed at Greenhaven Correctional Facility.

28. Upon information and belief Defendant Jennifer Edwards is a psychiatric medication Nurse employed at Greenhaven Correctional Facility.

29. Upon information and belief Defendant Ronald Kutz is a Sargeant at Greenhaven Correctional Facility

30. Upon information and belief Defendant Stephen Beaudew is the Deputy superintendent for Administration at Greenhaven Correctional Facility

-7-

31. Upon information and belief Defendant F.N.U Hanno is a lieutenant at Greenhaven Correctional Facility

32. Upon information and belief Defendant Patrick Rogers is a Correctional officer at Greenhaven correctional Facility.

33. Upon information and belief Defendant Paula Zwilinger is a medical nurse employed at Greenhaven Correctional Facility.

34. Upon information and belief Defendant Eva Santoro is a psychiatric nurse at Greenhaven Correctional Facility.

35. Upon information and belief Defendant Kevin O'Connor is a Correctional sergent at Greenhaven Correctional Facility.

36. Upon information and belief Defendant Timothy Grotsch is a lieutenant at Greenhaven Correctional Facility

37. Upon information and belief Defendant Keith Sposato is a Correctional officer at Greenhaven Correctional Facility.

38. Upon information and belief Defendant Jeffrey lamay is a correctional sargeant at Greenhaven correctional facility.

39. Upon information and belief Defendant william plimley is a correctional lieutenant at Greenhaven correctional Facility

40. All Defendants enumerated in paragraphs 13 through 39 are being sued in their individual and official capacties.

## IV. FACTS

41. Plantiff, Hilbert Stanley is a mental Health patient level is as classified by the New York state office of mental Health But in the custody, care and control of the Department of Corrections and Community Supervision.

42 Plantiff was Housed at the Resdential mental Health unit. (Hereinafter R.M.H.U.) During September 2011 when he sought mental Health treatment from the mental Health staff at Marcy correctional facilities R.M.H.U.

43. Due to the unavailability of observation cells at R.M.H.U plaintiff was transferred to Greenhaven correctional facility.

44. The plaintiff was housed in mental Health observation (Hereinafter) (OBS) cell #(4)

45. On September, 27, 2011 at approximately 10:40 Am plaintiff was escorted to the facility to be assessed for his complaints of chest pains.

46. After the plaintiff was Removed from the mechanical Restraints an E.K.G. was performed

47. After the plaintiff had been assessed and cleared to Return to O.B.S He was escorted back to O.B.S By Defendants Kowalchuck, Rodriquez, and Surprenant.

48. On the way Back to O.B.S I was told By Defendant Surprenant that I was full of Shit

49. He went on to say that I was Bullshitting and wasting his time.

50. He further stated this ain't marcy (R.M.H.W we have another way to treat mental illness and you're Going to find out soon Enough.

10

51. Upon hearing this I Respectfully Requested that Defendant Surpreuant allow me to see a Mental Health therapist.

52. Defendant Rodriquez interjected and said we got some therapy for you. Your going to need a physical therapist to teach you how to walk again.

53. When I was Returned to O.B.S I was led into my cell and ordered to face the wall which I did as instructed.

54. While still in Restraints Defendant Surpreuant told me to turn around and face him.

55. Once I complied Defendant Surpreuant got nose to nose and stated you played games and wasted my time. I told you we have another way to treat Mental illness

56. Suddenly Defendant Rodriquez punched me in my left eye.

57. Then They (the Defendant) all began Beating me mercilessly with their hands and Feet.

58. The defendants Punched and Kicked me Repeatedly about the Body, Face and Head

59. Upon information and belief Defendant Rodriguez Than Stepped on my lower Back while Defendants Sueprenant, Tillotson, Kowalchuck, Krenn, and Brothers held me Down and Removed the Restraints.

60. I informed the one to one (1:1) watch officer Defendant Kowalchuck that I was in Excruciating pain and need Medical attention.

61. This is after the Restraints were Removed and they all then backed out of the cell and locked it.

62 Defendant Kowalchuck Refused to Honor my Request that he assist me in obtaining Assistance.

63. Approximately an hour later Defendant Nurse miller arrived to my O.b.s Cell with a Correctional officer To Take Photographs.

-12-

64. I informed Defendant miller that I was in Excruciating pain. my Nose was Continuosly bleeding profusely, I also was bleeding out of my left eye and Culd barely stand.

65. Without even a Cursory Examination Defendant miller told plaintiff that there was Nothing wrong.

66. Defendant miller told plaintiff to stop whinning you'll be alrignt. ref you Cry wrat the Babie's will do.

67. She then Exited the area along with the C.O that had been taken the pictures.

68. During a meeting with office of Mental Health (Hereinafter O.M.H.) Staff Defendant's Jackie Morlas and pushpa patil Plaintiff Sungnt assistance to No Avail.

69. Plaintiff Sungnt medical assistance from Katraleen panuto when medication was issued in O.B.S she Refused to assist me.

-13-

70. Plaintiff Sought medical assistance when paula Zwillinger Came to O.B.S to issue medication again my pleas were unanswered

71. Plaintiff informed Defendant Kevin O'Conner when He (Correctional Sargeant) made Rounds in O.B.S He Responded to my pleas by telling me to talk to the officer first

72. The plaintiff again sought medical assistance by talking to Defendant Stephen Brandow The Deputy superintendent for administration He as well ignored my pleas.

73. The Plaintiff told F.N.U Hanna when She (LT.) made Rounds of The O.B.S Despite plaintiff pleas she chose not to assist me.

74. The plaintiff asked Keith Sposato for assistance while he was a 1:1 Suicide watch officer He Told me it wasn't his job.

75. The plaintiff again attempted to obtain treatment for my medical needs when Eva Santoro Delivered medication to O.B.S again my pleas went unanswered.

-14-

76. The plaintiff also attempted to obtaine assistance and pleaded with Jennifer Edwards when she came to O.B.S to deliver the medication. She Refused to assist me.

77. The plaintiff asked Defendant Ronald Kutz a correctional Sargeant that he assist him with obtaining medical attentione. He Refused to assist me.

78. The plaintiff sought assistance obtaining medical services by bringing my plight to Defendant F.N.U. Hanna a correctional lieutenant who Refused to aid me in my quest for help.

79. Again the plaintiff asked Defendant Patrick Kowalchuck who'd been assigned to plaintiff (1:1) officer stated it wasnt his job.

80. The plaintiff asked Defendant Jeffrey Lamay for his assistance. I was told by this SGT To Talk to the officer

81. The plaintiff sought help from Timothy Gotsch Correctional lieutentant who ignored my pleas for assistance

82. During the morning of September 29, 2011 one of the Greenhaven Doctors came to my cell in O.B.S. After he examined me and determined that I was seriously injured and in need of immediate medical attention.

83. I was transported to the outside Hospital Westchester County medical Center (W.C.M.C) were I was treated and Released.

84. The plaintiff is suffering from frequent migraine Headaches extreme debilitating back pain loss of vision and a Broken nose.

FIRST Cause OF ACTION
Deliberate indifference to an Inmates medical needs in violation of The Eight AND FourteentH Amendments

85. Plaintiff incorporates by Reference the allegations in paragraphs 1 through 84 as if fully Set forth Herein.

- 16 -

86. Each of the Defendants deprived Plaintiff of Rights secured to him under the United States Constitution.

87. The Defendants acted with deliberate indifference or Reckless disregard toward mr. Hilbert serious medical needs by failing to take the steps necessary to ensure that mr Hilbert Received treatment for his injuries.

88. In depriving the plaintiff of these Rights the individual Defendants acted under color of state law. This deprivation under Color of state law is actionable under and may be Redressed by 42 U.S.C § 1983

## SECOND Cause OF ACTION
## UNNECESSARY and EXCESSIVE USE OF FORCE IN Violation OF THE EIGHT AMENDMENT

89. Plaintiff INCORPORATES by Reference the allegations in paragraphs 1 through 89 as if fully set forth Herein.

# THIRD CAUSE OF ACTION
# VIOLATION OF THE AMERICANS
# WITH DISABILITIES ACT

**90.** Plaintiff incorporates by Reference the allegations in paragraphs 1 through 89 as if fully set forth Herein

**91.** MR. Hilbert Suffers from a mental illness which substantially impairs a Number of basic and major Life activities and is therefore a Qualifying disability under the Americans with Disability act (A.D.A)

**92.** MR Hilbert is Qualified to Receive the Services and benefits of the institution Defendants Relevant programs and processes including those for the provision for medical treatment and medication for inmates. MR Hilbert was excluded from Receiving the benefit of those programs and Services solely by Reason of his disability.

**93.** He was belittled Harassed and also beaten because of his being mentally ill.

-18-

## THIRD CAUSE OF ACTION
## Violation of the Rehabilitation Act.

94. Plaintiff incorporates by reference the allegations in paragraph 1 through 93 as if fully set forth herein.

95. Mr Hilbert suffers from a mental illness which substantially impairs a number of basic and major life activities and therefore a Qualifying Disability under section 504 of the Rehabilitation Act.

96 Defendants Doccs is a public entity that upon information and belief receive federal funding.

# Prayer for Relief

Wherefore Hilbert Stanley Respectfully Requests the following Relief

A. Awarding to Plaintiff Compensatory damages on all Causes of action for his physical injuries, pain and suffering and other harms in an amount to be determined at trial for violation of plaintiffs Constitutional and statutory rights;

B. Awarding to plaintiff punitive damages on all causes of action in an amount to be determined at trial for violation of plaintiffs Constitutional and statutory Rights;

C. Awarding to plaintiff his attorney's fees, costs, and disbursements and

D. Awarding to plaintiff ███████ Hs such further Relief as this Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct

Signed this 27th day of July, 2012     Hilbert Stanley

Box 3600
Marcy N.Y. 13403-

# Affirmation
## of
# Service

I declare under penalty of perjury that on this 29th day of July 2012 I am Delivering this complaint to prison authorities to be mailed to the PRO-SE Office of the United States District Court for the Southern District of New York

Hibert Stanley